```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MATTHEW ROMAIN,

                Plaintiff,

     -against-                              ORDER
                                            10-CV-1744(JS)(ARL)
NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER BEN JACOB, Shield #3312,
DETECTIVE LAWRENCE SCHEINBERG, Shield
#984, P.O. KEVIN VARGAS, P.O. ANTHONY
RAYMOND, P.O. RYAN LUNT, DETECTIVE
JEFFERY SCHILLING, P.O. JUAN C. GIRON,
JON DOES 1-6,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Matthew Romain, Pro Se
                   #09002999
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No Appearances
```

SEYBERT, District Judge:

Before the Court is the pro se Complaint of incarcerated plaintiff Matthew Romain ("Plaintiff") against the Nassau County Police Department, Police Officer Ben Jacob, Detective Lawrence Scheinberg, P.O. Kevin Vargas, P.O. Anthony Raymond, P.O. Ryan Lunt, Detective Jeffrey Schilling, Police Officer Juan C. Giron and six unnamed officers of the Nassau County Police Department, 5th Precinct, alleging violation of his Fourth Amendment right against the use of excessive force, as protected by 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is

GRANTED and, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE against the Nassau County Police Department and is DISMISSED WITHOUT PREJUDICE against the remaining Defendants.

BACKGROUND

According to the Complaint, the Plaintiff was arrested on April 4, 2009, taken to the 5th Precinct and "was severely beaten, denied water and denied to use the bathroom for a period that was more than 20 plus hours without food and water." Compl. at IV. The Complaint alleges that Defendant Police Officers Ben Jacob, Kevin Vargas, Anthony Raymond, Ryan Lunt and Juan C. Giron "took turns as [Plaintiff] was handcuffed and kicked and punched repeatedly." Id. Plaintiff alleges that Defendant Police Officers Jacob and Vargas "both had me down on the floor somewhere in the basement applying pressure to my neck in the sleeper hold until I passed out." Id. According to the Complaint, these Defendants then told Plaintiff that unless he gave a "statement of what the detectives wanted to hear then they were going to strip me nacked [sic], cuff me by my hands and feet and sodomize me with a metal pole." Id. Plaintiff claims that after 3½ hours of "torture" by the Defendant police officers, Plaintiff "finally agreed to give a statement." Id. With regard to Detectives Shilling and Scheinberg the Complaint alleges that these Defendants "witnessed the beating and did nothing." Id.

2

As a result of the alleged beating, Plaintiff claims that he had a "tooth knocked out from punches" as well as pain in his neck, back, abdomen and jaw. Compl. at IV.A. Accordingly, Plaintiff seeks $200 million in damages for his "pain and suffering" and mental anguish.[1]

DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v.

---

[1] The Court notes that the last line of Section IV.A of Plaintiff's Complaint states that the 5th Precinct is "the very same police dept Detective Karl Snedlers is from." The Court takes judicial notice that an article dated February 19, 2010 from www.Newsday.com reflects that a jury returned a $16.6 million excessive force verdict based on Detective Snedlers' conduct. The instant Complaint does not include any allegations against Detective Snedlers.

3

Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000).

4

To state a claim under Section 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91 (citations omitted).

A.  Nassau County Police Department

At the outset, Plaintiff's claim against Nassau County Police Department must be dismissed because such Defendant is not

5

a suable entity. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department). Here, Plaintiff's claim against the Nassau County Police Department is improper and thus should be redirected as against Nassau County. See Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007) (holding that New York City Police Department is a non-suable entity); Wingate v. City of N.Y., No. 08-CV-0217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). Accordingly, Plaintiff's claim as against Nassau County Police Department is DISMISSED WITH PREJUDICE and is redirected as against Nassau County. The Clerk of the Court is directed to so amend the caption.

B. Nassau County

To the extent that Plaintiff purports to allege a Section 1983 claim against Nassau County based on the misconduct of law enforcement personnel, such claims are insufficiently pled. A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy, or practice. See Monell, 436 U.S. at 690-94; see also Pembaur v. Cincinnati, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89

6

L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy"), (internal citations and quotation marks omitted), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); Ricciuti v. N.Y. City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Because the Court cannot reasonably interpret the Complaint to have allegations concerning an underlying municipal policy or custom that deprived the Plaintiff of a constitutional right, Plaintiff has failed to state a claim against Nassau County. Accordingly, the Complaint as against Nassau County is DISMISSED WITHOUT PREJUDICE and with leave to file and Amended Complaint.

    C.    Fourth Amendment Excessive Force

To succeed on a Section 1983 claim predicated on excessive force in violation of the Fourth Amendment, a plaintiff must show that the amount of force used in his detention was "objectively unreasonable" under the circumstances. Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). The Complaint alleges that Plaintiff's "tooth [was] knocked out from punches" and that he endured "torture from all these officers [until he] finally agreed to give a statement." Compl. at IV. The Complaint further alleges that the "officers told me if I was not going to give a statement of what the detectives wanted to hear that they were

going to strip me nacked [sic] cuff me by my hands and feet and sodomize me with a metal pole" and that he was handcuffed in the precinct basement and beaten until he passed out. Id. At this early stage in the proceedings, Plaintiff's excessive force claim is plausible given his allegations regarding the degree of force used by the Defendant police officers during his post-arrest interrogation. While it may be that Plaintiff is unable to prevail on his excessive force claims against the Defendant police officers, the Court's uncertainty at this stage does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

D.  John Doe Defendants

It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, however in the case of pro se litigants this rule has been relaxed. Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997). Plaintiff has alleged claims against six unnamed Nassau County police officers. The United States Marshal Service will not be able to serve the intended John Doe Defendants without further information. Accordingly, the Court hereby directs Defendant Nassau County to ascertain the full names of the unidentified officers who are described in the Complaint. If it is not feasible for Defendant Nassau County to ascertain the full names of the unidentified officers based on the information provided in the Complaint, the

Defendant Nassau County should communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's Complaint shall be deemed amended to include the full names of these officers, summonses shall be issued, and service shall be made by the United States Marshals Service on these defendants.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the Complaint without prepayment of the filing fees or security; and

IT IS FURTHER ORDERED that the Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his <u>in forma pauperis</u> applications annexed hereto, and

IT IS FURTHER ORDERED that the agency holding Plaintiff in custody calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and

IT IS FURTHER ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances,

9

rather than collect multiple fees at the same time that exceed twenty percent of the prisoner's trust found account; and

IT IS FURTHER ORDERED that the Complaint is DISMISSED against Nassau County Police Department 5th Precinct WITH PREJUDICE; and

IT IS FURTHER ORDERED that the Complaint is deemed amended to include Nassau County as a Defendant and it is DISMISSED against Nassau County WITHOUT PREJUDICE for being insufficiently pled; and

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint against Nassau County. An Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-01744(JS)(ARL); and

IT IS FURTHER ORDERED that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint and this Order for service upon Defendants P.O. Ben Jacob, Shield # 3312, Detective Lawrence

Scheinberg, Shield # 984, P.O. Kevin Vargas, P.O. Anthony Raymond, P.O. Ryan Lunt, Detective Jeffery Shilling and P.O. Juan C. Giron without the prepayment of fees.  Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

                            SO ORDERED.

                            /s/ JOANNA SEYBERT
                            Joanna Seybert, U.S.D.J.

Dated:    July 22, 2010
           Central Islip, New York