UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATTHEW ROMAIN,

                       Plaintiff,

                                                                 **REPORT AND**
                                                                 **RECOMMENDATION**
               -against-                                        CV 10-1744 (JS)(ARL)

NASSAU COUNTY POLICE DEPARTMENT,
et al.,

                       Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is the defendants' letter dated October 11, 2011, indicating that the plaintiff has not provided the defendants with any information or complied with the court's Scheduling Order requiring him to submit narrative statements to the defendants. Also before the court is the defendants' motion to dismiss for failure to prosecute, which was filed on October 12, 2012. For the reasons set forth below, the motion is granted.

       The plaintiff commenced this action in April 2010. On July 2009, District Judge Seybert granted, in part, and dismissed, in part, the defendants' motion to dismiss and permitted the plaintiff to file an amended complaint against Nassau County, which he did not do. After the remaining defendants answered, the undersigned issued a Scheduling Order setting forth, among other things, deadlines for the submission of narrative statements. The Scheduling Order was sent to the plaintiff via certified mail and was returned undeliverable. According to the certified mail receipt, the plaintiff had been discharged from Nassau County Correctional Facility and the Facility was unable to forward the order to the plaintiff. To date, the only address provided by the plaintiff is that of the Nassau County Correctional Facility. In addition, counsel for the defendants has confirmed that her office has not had any contact or communication from the plaintiff pertaining to this action.

       Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case . . . for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), dismissal of the plaintiff's action is appropriate based on his failure to update his address with the court since his release from jail. Accordingly, the undersigned respectfully recommends that the foregoing action be dismissed for the plaintiff's failure to prosecute pursuant to Rule 41(b).

Counsel for the defendants is directed to serve a copy of this Report and Recommendation on the plaintiff at his last-known address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: October 17, 2011
      Central Islip, New York

                                                _____/s/_____
                                                ARLENE ROSARIO LINDSAY
                                                United States Magistrate Judge